UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ARTURO OSIEL VALENCIA BARRERA,

Plaintiff,

v.

WESTERN STATE HOSPITAL, et al.,

Defendants.

CASE NO. 3:25-CV-6086-RAJ-DWC

ORDER DECLINING TO SERVE COMPLAINT AND GRANTING LEAVE TO AMEND

The District Court referred this action to United States Magistrate Judge David W. Christel. Plaintiff Arturo Osiel Valencia Barrera, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's complaint under 28 U.S.C. § 1915A, the Court declines to serve the complaint but provides Plaintiff leave to file an amended pleading by **February 19, 2026**, to cure the deficiencies identified below.

**I.      Background**

Plaintiff, who is currently confined in Whatcom County Jail, filed this § 1983 action regarding an incident that occurred during his prior confinement at Western State Hospital

ORDER DECLINING TO SERVE COMPLAINT
AND GRANTING LEAVE TO AMEND - 1

("WSH"). *See* Dkts. 6-1, 7, 8. Plaintiff alleges that, on November 9, 2025, he was intentionally and forcibly bumped into and injured by Defendant Mark K., a forensic care associate at WSH. Dkt. 6-1. He states this incident is part of a pattern of harassment and stalking behavior by Defendant Mark K. *Id.* Plaintiff further claims WSH failed to provide sufficient medical care and Lakewood Police Department failed to respond adequately after the incident. *Id.*

Plaintiff claims he suffered severe physical pain and injury to his back, spine, buttocks, and shoulder from the incident. *Id.* He states he had a preexisting shoulder and spine disability that Defendant Mark K. reinjured or exacerbated. *Id.* He also alleges he "suffered emotional and psychological injuries from the embarrassment." *Id.* Plaintiff seeks monetary damages from Defendant Mark K., WSH, and the Lakewood Police Department. *Id.* He also seeks a lifelong restraining order against Defendant Mark K. and an order directing the Blaine Police Department to bring him his personal laptop and accessories so he can use them to work on this case. *Id.* at 9.

## II.    Screening Standard

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* §§ 1915A(b), 1915(e)(2); *see also Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998). Dismissal on these grounds constitutes a "strike" under 28 U.S.C. § 1915(g).

The Court is required to liberally construe *pro se* documents. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, the pleadings must raise the right to relief beyond the speculative level

ORDER DECLINING TO SERVE COMPLAINT
AND GRANTING LEAVE TO AMEND - 2

and must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

## II.    Discussion

In his complaint, filed pursuant to 42 U.S.C. § 1983, Plaintiff appears to raise separate claims against each named Defendant. Plaintiff claims all three Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment. Dkt. 6-1. Upon review, the Court concludes Plaintiff's complaint is deficient and must be cured before he may proceed in this action. The Court addresses the deficiencies below.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege the

ORDER DECLINING TO SERVE COMPLAINT
AND GRANTING LEAVE TO AMEND - 3

defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385–90 (1989).

### A. *Improper Defendants*

#### 1. Western State Hospital

Plaintiff names WSH as a Defendant in this action. Dkt. 6-1. The Eleventh Amendment bars federal actions against a state brought by its own citizens, whether the relief sought is legal or equitable. *See* U.S. Const. amend. XI; *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974) ("While the Amendment by its terms does not bar suits against a State by its own citizens, this Court has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State."). "State agencies are similarly immune." *Spokane Cnty. Deputy Sheriffs Ass'n v. Wash. Dep't of Emp. Sec.*, 317 F. App'x 599, 600–01 (9th Cir. 2008). However, "[a] state may waive its immunity if it voluntarily invokes the jurisdiction of a federal court or if it makes a 'clear declaration' that it intends to submit itself to federal court jurisdiction." *In re Harleston*, 331 F.3d 699, 701 (9th Cir. 2003) (citation omitted).

Here, there is no indication WSH, a state entity, has waived sovereign immunity under the Eleventh Amendment. *See Abdullah-El v. King Cnty. Mun. Ct.*, No. 14-CV-1437, 2015 WL 402792, at *3 (W.D. Wash. Jan. 28, 2015) (finding WSH is a state entity that is immune from suit). Furthermore, WSH is not a "person" subject to suit under § 1983. *See Banks v. Washington*, No. C09-5449, 2009 WL 3831539, at *3 (W.D. Wash. Nov. 13, 2009) (finding WSH is not a "person" under § 1983 and, therefore, not capable of being sued). Therefore, the Court finds Plaintiff cannot state a claim upon which relief can be granted as to WSH.

2.  Lakewood Police Department

Plaintiff also names Lakewood Police Department as a Defendant. Dkt. 6-1. "[I]n a legal action involving a county, the county itself is the only legal entity capable of suing and being sued." *Nolan v. Snohomish Cnty.*, 802 P.2d 792, 796 (1990). The same principle holds true for municipal entities. *See Bradford v. City of Seattle*, 557 F. Supp. 2d 1189, 1207 (W.D. Wash. 2008) (dismissing Seattle Police Department as an improper defendant in a § 1983 case). If Plaintiff elects to pursue a claim against Pierce County or the City of Lakewood, he must specifically identify the County and/or City as a Defendant in this action and must identify, with specificity, the custom or policy of this entity that allegedly caused his injuries.

B.  *Excessive Force Claim*

Interpreting Plaintiff's complaint liberally, Plaintiff's claim against Defendant Mark K. appears to allege use of excessive force. Although Plaintiff cites the Eighth Amendment's prohibition against cruel and unusual punishment, Plaintiff appears to be a pretrial detainee, so his claim would arise under the Due Process Clause of the Fourteenth Amendment. *See Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1246 n.5 (9th Cir. 2016) ("Eighth Amendment protections apply only once a prisoner has been convicted of a crime, while pretrial detainees are entitled to the potentially more expansive protections of the Due Process Clause of the Fourteenth Amendment."); *Trueblood v. Wash. State Dep't of Soc. & Health Servs.*, 822 F.3d 1037, 1043 (9th Cir. 2016) ("Pretrial detainees, whether or not they have been declared unfit to proceed, have not been convicted of any crime. Therefore, constitutional questions regarding the circumstances of their confinement are properly addressed under the due process clause of the Fourteenth Amendment.") (cleaned up).

ORDER DECLINING TO SERVE COMPLAINT
AND GRANTING LEAVE TO AMEND - 5

"[T]he Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment." *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015) (citation and internal quotation marks omitted). The Supreme Court in *Kingsley* held that "the appropriate standard for a pretrial detainee's excessive force claim is solely an objective one." *Id.*; *see also Hughes v. Rodriguez*, 31 F.4th 1211, 1220 (9th Cir. 2022) ("[T]he Fourteenth Amendment's objective reasonableness standard protects pretrial detainees."). Additionally, pretrial detainees have at least the same due process right to bodily privacy as a prisoner. *See Byrd v. Maricopa Cnty. Bd. of Supervisors*, 845 F.3d 919, 923 (9th Cir. 2017) (concluding pretrial detainee stated a claim for violation of pretrial detainee's due process right to bodily privacy).

Plaintiff's complaint is arguably sufficient to state a Fourteenth Amendment excessive force claim against Defendant Mark K. However, the PLRA requires that prisoners must exhaust available administrative remedies before filing § 1983 actions in federal court. *See* 42 U.S.C. § 1997e(a). Plaintiff alleges he reported the incident to the Lakewood Police Department but provides no indication that he exhausted any available administrative remedies. Although exhaustion of administrative remedies is not a jurisdictional requirement for bringing an action, *see Woodford v. Ngo*, 548 U.S. 81, 101 (2006), Plaintiff is advised that unexhausted claims may be subject to dismissal. *See McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam) (requiring dismissal without prejudice where a prisoner "did not exhaust his administrative remedies prior to filing suit but is in the process of doing so when a motion to dismiss is filed."); *see also Rhodes v. Robinson*, 621 F.3d 1002, 1006–07 (9th Cir. 2010) (holding that exhaustion requirement is satisfied so long as prisoner exhausted his administrative remedies with respect to new claims asserted in second amended complaint before tendering that complaint for filing).

ORDER DECLINING TO SERVE COMPLAINT
AND GRANTING LEAVE TO AMEND - 6

### III.    Instruction to Plaintiff and the Clerk

Due to the deficiencies described above, if Plaintiff intends to pursue a § 1983 civil rights action in this Court, he should file an amended complaint containing a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint will act as a complete substitute for the original complaint, and not as a supplement. The Court will screen the amended complaint to determine whether it contains factual allegations linking each Defendant to the alleged violations of Plaintiff's rights. The Court will not authorize service of the amended complaint on any Defendant who is not specifically linked to a violation of Plaintiff's rights.

If Plaintiff fails to file an amended complaint or fails to adequately respond to the issues raised herein on or before **February 19, 2026**, the undersigned may recommend dismissal of this action in part or in its entirety.

The Clerk is directed to send Plaintiff a copy of this Order and the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service.

Dated this 20th day of January, 2026.

David W. Christel
United States Magistrate Judge

ORDER DECLINING TO SERVE COMPLAINT
AND GRANTING LEAVE TO AMEND - 7