UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ARTURO OSIEL VALENCIA BARRERA,

Plaintiff,

v.

WESTERN STATE HOSPITAL, et al.,

Defendants.

CASE NO. 3:25-CV-6086-RAJ-DWC

REPORT AND RECOMMENDATION

Noting Date: **March 31, 2026**

The District Court has referred this 42 U.S.C. § 1983 action to United States Magistrate Judge David W. Christel. Plaintiff Arturo Osiel Valencia Barrera, proceeding *pro se* and *in forma pauperis*, initiated this civil rights action on December 1, 2025. Dkt. 1. On January 20, 2026, the Court reviewed and screened Plaintiff's complaint under 28 U.S.C. § 1915A. Dkt. 11. The Court determined Plaintiff had not stated a claim for relief against two named Defendants—Western State Hospital and Lakewood Police Department—but granted Plaintiff leave to file an amended complaint. *Id*.

REPORT AND RECOMMENDATION - 1

On February 17, 2026, Plaintiff filed an amended complaint naming Pierce County Prosecutor's Office as a Defendant, among others. Dkt. 12. As the Court informed Plaintiff in the order declining service, Plaintiff must name a county itself, rather than branches of the county, to properly state a claim. Because Plaintiff has improperly named Pierce County Prosecutor's Office as a Defendant, the Court recommends this Defendant be dismissed. The Court further recommends the case proceed against the remaining Defendants.

## I.        Background

In the amended complaint, Plaintiff, a pretrial detainee currently confined in Whatcom County Jail, alleges his rights were violated by Defendants Mark K., a Western State Hospital employee; Pierce County Prosecutor's Office; and the City of Lakewood related to an incident that occurred while Plaintiff was confined at Western State Hospital. *See* Dkt. 12.

## II.       Screening Standard

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* §§ 1915A(b), 1915(e)(2); *see also Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

The Court is required to liberally construe *pro se* documents. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, the pleadings must raise the right to relief beyond the speculative level and must provide "more than labels and conclusions, and a formulaic recitation of the elements

REPORT AND RECOMMENDATION - 2

of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

After screening a *pro se* complaint, the Court must generally grant leave to file an amended complaint if there is a possibility the pleading's deficiencies may be cured through amendment. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("A district court should not dismiss a *pro se* complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988)). However, once a *pro se* plaintiff has been given leave to amend and instructed on how to cure the pleading deficiencies, the Court may properly dismiss an action based on deficiencies that remain. *See Swearington v. Cal. Dep't of Corr. & Rehab.*, 624 F. App'x 956, 959 (9th Cir. 2015) (finding the district court did not abuse its discretion in dismissing without leave to amend because *pro se* prisoner plaintiff "did not cure the complaint's deficiencies despite the district court's specific instructions about how to do so") (citing *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (setting forth standard of review and explaining that leave to amend should be given unless the deficiencies in the complaint cannot be cured by amendment); *Fid. Fin. Corp. v. Fed. Home Loan Bank of San Francisco*, 792 F.2d 1432, 1438 (9th Cir. 1986) ("The district court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint.")).

**III.  Discussion**

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v.*

*Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633–34. Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385–90 (1989).

A.  *Improper Defendant*

Plaintiff's amended complaint fails to state a claim upon which relief can be granted against the Pierce County Prosecutor's Office. As the Court informed Plaintiff in the order declining to serve his complaint:

> "[I]n a legal action involving a county, the county itself is the only legal entity capable of suing and being sued." *Nolan v. Snohomish Cnty.*, 802 P.2d 792, 796 (1990). The same principle holds true for municipal entities. *See Bradford v. City of Seattle*, 557 F. Supp. 2d 1189, 1207 (W.D. Wash. 2008) (dismissing Seattle Police Department as an improper defendant in a § 1983 case). If Plaintiff elects to pursue a claim against Pierce County or the City of Lakewood, he must specifically identify the County and/or City as a Defendant in this action and must identify, with specificity, the custom or policy of this entity that allegedly caused his injuries.

Dkt. 11 at 5.

REPORT AND RECOMMENDATION - 4

Plaintiff cured this deficiency as to one Defendant in his amended complaint by naming the City of Lakewood instead of the Lakewood Police Department as a Defendant. *Compare* Dkt. 6-1 *with* Dkt. 12. However, despite the Court's advisement, Plaintiff included another improper Defendant, Pierce County Prosecutor's Office, in his amended complaint. Because he was previously advised that the county itself was the only legal entity capable of being sued and failed to fully correct this deficiency in his amended complaint, dismissal of this improper Defendant is appropriate.

B.  *Remaining Defendants*

Plaintiff still has two remaining Defendants against whom he has made allegations that the Court believes are sufficient to survive screening. Therefore, the Court recommends the case proceed against the remaining Defendants named in Plaintiff's amended complaint.

**IV.    Conclusion**

For the above stated reasons, the Court concludes Pierce County Prosecutor's Office is not a "person" liable for suit under § 1983, and so Plaintiff cannot state a claim against this Defendant for which relief may be granted. Accordingly, the Court recommends this Defendant be dismissed. The Court further recommends the case proceed against Plaintiff's remaining Defendants.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may

REPORT AND RECOMMENDATION - 5

be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **March 31, 2026**.

Dated this 10th day of March, 2026.

David W. Christel
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6